| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) DOCKET NO. 5:17-CR-055-RLV |
| | ) |
| AARON BANKS DIXON | ) |

## MOTION IN LIMINE TO PRECLUDE PREJUDICIAL EVIDENCE

Aaron Banks Dixon, through undersigned counsel, and under Federal Rules of Evidence 401 through 404, and 414, as well as the Sixth Amendment to the United States Constitution, respectfully moves to preclude the government from introducing evidence of "crimes, wrongs, or other acts" allegedly committed by Mr. Dixon. Mr. Dixon requests that this Court exclude any evidence relating to his dismissed state charges, allegations of prior sexual abuse, arrest record, or other related wrongs, or acts of misconduct. Mr. Dixon further requests that this Court prohibit the prosecution from referring to, implying, mentioning, or suggesting in any way at trial, introducing into evidence or stating, for any purpose in the presence of the prospective jury panel or jury, the challenged evidence and/or testimony addressed in this motion regarding Mr. Dixon's alleged molestation of any child, including his daughter. In support, Mr. Dixon states the following:

In addition to being irrelevant, unnecessary, inflammatory, and unreliable, any evidence of such "crimes, wrongs, or other acts" would be propensity evidence against Mr. Dixon and thus inadmissible under Rule 404. Introduction of alleged child molestation by Mr. Dixon is also

1

inadmissible under Rule 414 under the balancing test outlined in *United States v. Kelly,* 510 F.3d 433, 437 (4th Cir. 2007). To the extent that any such evidence is relevant and in conformity with Rule 404(b) or 414, the evidence is still inadmissible because it is unfairly prejudicial to Mr. Dixon.

## I. BACKGROUND

On December 13, 2017, a federal grand jury charged Mr. Dixon in an eight-count superseding indictment alleging knowing transportation of child pornography on or about January 11, 2013, in violation of 18 U.S.C. § 2252A(a)(1) in count one; knowing possession and accessing child pornography between on or about August 23, 2012 to on or about March 10, 2013, in violation of 18 U.S.C. § 2252A(a)(5)(B) in count two; coercion of a minor, Victim 1, to engage in sexually explicit conduct between on or about May 2012 and on or about March 2013, in violation of 18 U.S.C. § 2251 in count three; coercion of a minor, Victim 2, to engage in sexually explicit conduct between on or about May 2012 and on or about March 2013, in violation of 18 U.S.C. § 2251 in count four; coercion of Victim 1 to engage in sexual activity between on or about May 2012 and on or about March 2013, for which any person could be charged in an offense in violation of 18 U.S.C. § 2422(b) in count five; knowingly receiving child pornography on or about November 15, 2012, in violation of 18 U.S.C. § 2252A(a)(2) in count six; knowingly receiving child pornography on November 15, 2012, in violation of 18 U.S.C. § 2252A(a)(2) in count seven; and knowingly receiving child pornography on or about February 16, 2013, in violation of 18 U.S.C. § 2252A(a)(2) in count eight.

Victim 1, "K.A.", and Victim 2, "M.A.", are the minor children of Mr. Jonathan Adleta and Ms. Sarah Adleta who were residing in Florida at the time of the alleged offenses. These children are not related to Mr. Dixon.

Mr. Dixon has no significant criminal history; nonetheless, it is anticipated that the government may attempt to present evidence at trial as to Mr. Dixon allegedly molesting his own daughter, "A.D" or other molestation allegations.

## II. EVIDENCE CONCERNING MR. DIXON'S DISMISSED STATE CHARGES, ARREST RECORD, OR OTHER ACTS IS INADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 404.

"The government bears the burden of establishing that evidence of a defendant's prior bad acts is admissible for a proper purpose." *United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017) (citations omitted). The Fourth Circuit instructs that to "satisfy this burden, the government must identify each proper purpose for which it will use the other acts evidence and explain how that evidence fits into a chain of inferences—a chain that connects the evidence to [each] proper purpose, no link of which is a forbidden propensity inference." *Id.* (citations and quotations omitted). "Even if the government provides a proper purpose for admitting prior bad act evidence, such evidence is still inadmissible if its likely prejudicial effect substantially outweighs its probative value." *Id.*

The Fourth Circuit employs a four-step test for determining when evidence of prior bad acts is admissible under Rule 404(b). *Id.* (citation omitted). First, "[t]he evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant." *Id.* Second, "[t]he act must be necessary in the sense that it is probative of an essential claim or an element of the offense." *Id.* Third, "[t]he evidence must be reliable." *Id.* And fourth, "the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process." *Id.*

3

Here, application of the four-step test indicates that evidence or allegations of prior bad acts is inadmissible. First, in viewing relevance and necessity, any prior bad acts evidence is not admissible in this case. *See United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012) (finding that these "two factors, which embody overlapping concerns, are often considered in tandem."). Evidence concerning allegations of sexual abuse or misconduct of any other alleged victim are not the subject of this indictment and are not relevant under Federal Rule of Evidence 401. Any alleged criminal acts or misconduct that Mr. Dixon may have committed in the past do not tend to make whether he committed the instant offenses as charged in the indictment more or less probable. Fed. R. Evid. 401(a). Alleged and unproven past abuse of a different alleged victim at a different time is not probative of an essential claim or an element of the instant offense. Thus, admission of this evidence would likely confuse the issues and mislead jurors.

To the extent that there is some possible relevance to Mr. Dixon's dismissed state charges, arrest record, or other acts, such evidence is inadmissible under Rule 404. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion that the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). While such evidence may be admitted to prove "motive, opportunity, intent, preparation, knowledge, identity, absence of mistake, or lack of accident," none of those purposes apply here. Admission of such evidence would "weigh too much with the jury and . . . so over persuade them as to prejudge one . . . and deny him a fair opportunity to defend against a particular charge." *Hall*, 858 F.3d at 260 (quoting *Michelson v. United States*, 335 U.S. 469, 475–76 (1948)). At the very least, the government must explain (1) the purpose for each arrest, dismissed charge, or other bad act it seeks to put into evidence, and (2) how the evidence furthers the cited purpose, before the evidence is admitted.

Second, any prior bad acts evidence including the dismissed state charges and any allegations of child molestation including allegations of prior sexual abuse of his own daughter, A.D., is not reliable. The state charges were dismissed and thus remain unproven, and the charges are more than five years old. A mini-trial determining whether Mr. Dixon committed these allegations would detract from the issues in this case. *See also* Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist.").

Finally, admission of evidence concerning Mr. Dixon's dismissed state charges, allegations of prior sexual abuse, or other acts would be unfairly prejudicial. Any probative value is substantially outweighed by its likely prejudicial effect. Fed. R. Evid. R. 403. Thus, even if the Court finds that Mr. Dixon's dismissed state charges, arrest record, or other acts speak to one of the purposes enumerated in Rule 404(b), it must still balance the evidence's potential prejudicial effect and probative value before determining whether it is admissible. Under these circumstances, the scale tips sharply towards prejudice. Any other probative evidence surely pales in comparison to the prejudice Mr. Dixon would suffer. *See United States v. Fawbush*, 634 F.3d 420, 422 (8th Cir. 1990) (amended 2011) (concluding that "the district court abused its discretion in admitting the testimony, even with a limiting instruction" because "the evidence that Fawbush had sexually abused his daughters and had fathered a child with one of them" was "so inflammatory on its face as to divert the jury's attention from the material issues in the trial."); *United States v. Dickinson*, 16 F. Supp.3d 230, 234-235 (W.D.N.Y. 2014) (excluding other acts evidence as unfairly prejudicial under Rule 403 "given the inflammatory nature of the claimed incest, the differences between the prior alleged conduct and the underlying charges, and the lapse of time."); *United States v. Bunty*, 617 F. Supp. 2d 359, 376 (E.D. Penn. 2008) ("the Court cannot ignore the separate

5

and equally serious stigma associated with incest or the possibility that a jury might hear such allegations and decide to convict Defendant of completely unrelated offenses solely on the basis of that stigma.").

Rule 404(b) is designed in part to prevent the jury from punishing the defendant because it believes that he is a "bad person." *Old Chief v. United States*, 519 U.S. 172, 181-82 (1997). As the advisory Committee's note to Rule 404 addresses: "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." Fed. R. Evid. 404(a) advisory committee's note to 1972 proposed rule; *see also United States v. Rhodes*, 886 F.2d 375, 380 (D.C. Cir. 1989) (holding that the district court plainly erred in admitting prior bad acts evidence because the "weakness of the government's other evidence" enhanced the other acts' prejudicial effect).

The rules recognize that Mr. Dixon must be tried on the offense charged in the indictment, not offenses he is alleged to have committed in the past. To ensure that the jury is properly focused, the Court should preclude the admission of evidence related to Mr. Dixon's dismissed state charges or any allegation of sexual molestation, arrest record, or other acts that are not at issue in the indictment before the Court.

### III. THE BALANCING TEST OF FRE 403 IN RELATION TO FRE 414 WEIGHS IN FAVOR OF EXCLUSION OF EVIDENCE RELATED TO ANY MOLESTATION ALLEGATIONS UNDER *UNITED STATES V. KELLY*, 510 F.3d 433 (4th Cir. 2007).

This Court should not allow evidence relating to any molestation allegations, including Mr. Dixon allegedly molesting his own daughter, under Federal Rule of Evidence 414. Although FRE 414 says that a court *may* "admit evidence that the defendant committed any other child

6

molestation," the court is not required to admit such evidence especially when, as in this case, such evidence is overly prejudicial.

The Fourth Circuit has held that evidence admitted under FRE 414 is subject to FRE 403's balancing test. *United States v. Kelly,* 510 F.3d 433, 437 (4th Cir. 2007). Such that even if evidence qualifies to be admitted under FRE 414, it may still be excluded if the probative value is substantially outweighed by the danger of unfair prejudice to the defendant. *Id.* Factors that the district court should consider include: (1) the similarity between the previous offense and the charged crime; (2) the closeness in time between the two offenses; (3) the frequency of the prior acts; (4) the presence or absence of any intervening acts; and (5) the reliability of the evidence of the past offense. *Id.* In *Kelly*, the Court found that the amount of time between the defendant's past *conviction*—22 years prior—and the instant offense did not alone render the conviction inadmissible. *Id.* The prior conviction in that case had probative value as it tended to prove propensity to molest young children, and did not seek to elicit inflammatory testimony about the prior conviction. *Id.* at 438. Indeed, the government only presented the official conviction record and that method served to "minimize the risk of unfair prejudice" to the defendant. *Id.*

Here, these factors show that the admission of allegations of molestation including allegations that Mr. Dixon molested his daughter would inherently be inflammatory and overly prejudicial even for FRE 414 under FRE 403.

First, the similarity of the crimes alleged are far too different. There are no pictures, videos, or other items of Mr. Dixon's daughter that are similar in nature to those for which he is currently indicted. In fact, there are no allegations that Mr. Dixon touched any of the victims in the indictment. The indictment alleges possession, receipt, and other charges that are not "touching" offenses, and there is inherently a difference between soliciting another, downloading, sending,

7

receiving, or otherwise obtaining child pornography, and molesting his own daughter. The fact that the allegations of molestation is of Mr. Dixon's own daughter, and thus an incestuous relationship, is also prima facie inflammatory.

Second, the closeness of time is overly prejudicial since there was no state conviction and it would only serve to be a trial within a trial. The State of North Carolina arrested Mr. Dixon in 2013, over five (5) years ago, alleging that he molested his own daughter. In those five (5) years, Mr. Dixon was never convicted, and the State recently dismissed those charges. For the Government to bring in conduct that may have occurred around the same time, which failed to lead to a conviction, would only serve to create a trial within a trial, inflame the jury for conduct not associated with the charges in the indictment, and confuse the issues before the jury.

Third, the frequency of the prior acts and the presence or absence of intervening acts also cuts in favor of exclusion. The alleged conduct was allegedly infrequent, or something that is not clear in evidence, and there is a multitude of intervening acts since the conduct was contemporaneous but dealing with completely different victims and completely different conduct. Quite simply, the allegations that Mr. Dixon molested his daughter are not related to Mr. Dixon allegedly having contact through the computer and soliciting pictures, videos, live streaming, or other media. There is no connection to the two offenses aside from the acts being allegedly contemporaneous.

Fourth, the evidence of the alleged molestation is highly unreliable. There are no pictures, videos, or other documents that show that Mr. Dixon molested his own daughter. There are no witnesses of that allegation aside from his daughter, who was a toddler at the time. The State also failed to obtain a conviction. Any evidence the government may have as to this issue is weak and lacks collaboration. Given that the alleged molestation allegedly occurred over five years ago,

8

Case 5:17-cr-00055-KDB-DCK   Document 45   Filed 02/27/19   Page 8 of 10

"intervening events may have impacted memories, biases, and motives" with respect to testimony. *See Bunty*, 617 F. Supp. 2d 359, 376.

Moreover, as outlined above, admission of any child molestation allegations, including Mr. Dixon's alleged molestation of his own daughter, would be unfairly prejudicial. *See Bunty*, 617 F. Supp. 2d 359, 376 (finding that the evidence of defendant's sexual abuse of son and granddaughter was inadmissible considering in part the "stigma associated with incest" and the "difficulties Defendant would facc in investigating and defending against such allegations"); *See also Dickinson*, 16 F. Supp.3d at 235 ("given the inflammatory nature of the claimed incest, the differences between the prior alleged conduct and the underlying charges, and the lapse of time" testimony of defendant's daughter that she was sexually abused by defendant would be unfairly prejudicial even though it fell within the scope of FRE 414); *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993) (finding that evidence of child molestation, homosexuality, and mistreatment of women was highly prejudicial to defendants and should have been excluded); *Id.* ("no evidence could be more inflammatory or more prejudicial than allegations of child molestation."); *Id.* at 1254 (citing *Virgin Islands v. Pinney*, 967 F.2d 912, 918 (3d Cir. 1992) (holding that limiting instruction on testimony of child molestation would not reduce risk of jury considering such evidence for improper purpose); *United States v. Bland*, 908 F.2d 471, 473 (9th Cir. 1990) (holding that curative instruction could not obviate prejudice from evidence that defendant had outstanding warrant for molestation and torture and murder of a young girl)). Thus, for these reasons, this Court should preclude evidence relating to any molestation allegations.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Mr. Dixon's Motion in Limine to Preclude Evidence Concerning his arrest record, dismissed state charges, or other acts -

9

Case 5:17-cr-00055-KDB-DCK   Document 45   Filed 02/27/19   Page 9 of 10

specifically precluding any suggestions, inferences, or testimony, regarding any allegation of Mr. Dixon molesting his own daughter or any other allegation of sexual abuse. Allowing these matters to be brought before the jury could significantly prejudice Mr. Dixon, and this Court should exercise its discretion to make a determination of their admissibility outside the presence of the jury. Should the government seek to introduce any such evidence, Mr. Dixon specifically requests notice of the nature of such evidence that the government intends to use under Federal Rule of Evidence Rule 404(b) and that a hearing be held regarding the admissibility of such evidence before it is introduced or in any way brought before the jury.

Respectfully submitted:

s/ Anthony Martinez
Anthony Martinez
FL Bar #0763240
Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720 (phone)
(704) 374-0722 (fax)
Anthony_Martinez@fd.org

s/ Rahwa Gebre-Egziabher
Rahwa Gebre-Egziabher
N.C. Bar No. 41766
Federal Defender Public Defender for the
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
(704) 374-0722 Fax
Rahwa_Gebre-Egziabher@fd.org

*Attorneys for Aaron Banks Dixon*

DATE: February 27, 2019