**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | DOCKET NO. 5:17-cr-55 |
| | ) | |
| AARON BANKS DIXON | ) | |

**MOTION IN LIMINE TO EXCLUDE EVIDENCE**

Aaron Banks Dixon, by and through his counsel of record, Federal Public Defender Anthony Martinez and Assistant Federal Public Defender Rahwa Gebre-Egziabher, pursuant to the Due Process Clause of the Constitution, Federal Rules of Criminal Procedure 104, 401, 402, and 403, and Federal Rule of Criminal Procedure 12, hereby moves to prevent the government from introducing images of child pornography or any evidence or testimony describing those images.

The defense will be stipulating to the fact that the images contain child pornography, but not that Mr. Dixon had any role in the offense. In light of the defense stipulation, showing these highly inflammatory images to the jury, or otherwise depicting or describing them, would be irrelevant to the issues of fact before the jury. Additionally, the evidence is highly prejudicial, and the prejudicial effect of the evidence far outweighs its probative value under Fed. R. Evid. 403. For these reasons, Mr. Dixon respectfully moves to exclude this evidence as irrelevant and unfairly prejudicial.

Respectfully submitted:


s/ Anthony Martinez
Anthony Martinez
FL Bar #0763240
Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720 (phone)
(704) 374-0722 (fax)
Anthony_Martinez@fd.org


s/ Rahwa Gebre-Egziabher
Rahwa Gebre-Egziabher
N.C. Bar No. 41766
Federal Defender Public Defender for the
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
(704) 374-0722 Fax
Rahwa_Gebre-Egziabher@fd.org

*Attorneys for Aaron Banks Dixon*


DATE: February 27, 2019

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | DOCKET NO. 5:17-cr-55 |
| | ) | |
| AARON BANKS DIXON | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE**
**EVIDENCE**

Aaron Banks Dixon, by and through his counsel of record, Federal Public Defender

Anthony Martinez and Assistant Federal Public Defender Rahwa Gebre-Egziabher, pursuant to

the Due Process Clause of the Constitution, Federal Rules of Criminal Procedure 104, 401, 402,

and 403, and Federal Rule of Criminal Procedure 12, hereby moves to prevent the government

from introducing images of child pornography to the jury, or any evidence or testimony describing

those images.

The defense will be stipulating to the fact that the images contain child pornography, but

not that Mr. Dixon had any role in the offense. In light of the defense stipulation, showing these

highly inflammatory images to the jury or otherwise depicting or describing them, would be

irrelevant to the issues of fact before the jury. Additionally, the evidence is highly prejudicial, and

the prejudicial effect of the evidence far outweighs its probative value under Fed. R. Evid. 403.

For these reasons, Mr. Dixon respectfully moves to exclude this evidence as irrelevant and unfairly

prejudicial:

1

## BACKGROUND

### I.    Background

On March 9, 2013, Mr. Dixon's wife, Amber Dixon, delivered Mr. Dixon's laptop computer to the Ashe County, North Carolina Police Department.  Amber Dixon delivered Mr. Dixon's computer to law enforcement because their four-year old biological daughter allegedly described sexually inappropriate contact between herself and her father, Aaron Dixon.

On March 15, 2013, FBI agents interviewed Sarah Adleta, based on a tip that she had been involved in producing child pornography. Adleta admitted to molesting her children and producing child pornography, and she allowed the FBI agents to search her email account. In her interviews to the agents, Adleta implicated Aaron Dixon, alleging that she had shared child pornography with him. That same day, On March 15, 2013, the State of North Carolina in Ashe County issued an arrest warrant for Mr. Dixon for the offense of receiving a visual representation of minors engaged in sexual activity in violation of N.C.G.S. § 14-190.17. State indictments were later issued based on violations of N.C.G.S. § 14-190.17 and other offenses.

On March 21, 2013, FBI agents obtained a search warrant from a federal magistrate judge to search Aaron Dixon's computer. On April 4, 2013, the government issued an arrest warrant and a federal criminal complaint charging Mr. Dixon with sexual exploitation of children in violation of 18 U.S.C. § 2251, receipt of visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S. § 2252(a)(2), and possession or accessing with intent to view visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4). The agents' asserted probable cause for the criminal complaint and the search warrant was based on Adleta's interviews with FBI agents.

2

The criminal complaint remained pending against Mr. Dixon, with no indictment by grand jury, for almost four and a half years. On September 21, 2017, a federal grand jury charged Mr. Dixon in a two-count indictment alleging knowing transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) in count one and knowing possession and accessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) in count two. *See* Dkt. #1. The criminal complaint from April 4, 2013 was dismissed.

On December 13, 2017, a federal grand jury charged Mr. Dixon in an eight-count superseding indictment alleging knowing transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) in count one; knowing possession and accessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) in count two; coercion of a minor, Victim 1, to engage in sexually explicit conduct in violation of 18 U.S.C. § 2251 in count three; coercion of a minor, Victim 2, to engage in sexually explicit conduct in violation of 18 U.S.C. § 2251 in count four; coercion of Victim 1 to engage in sexual activity for which any person could be charged in an offense in violation of 18 U.S.C. § 2422(b) in count five; knowingly receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) in count six; knowingly receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) in count seven; and knowingly receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) in count eight. *See* Dkt. #12.

## DISCUSSION

At trial, defense counsel expects that the government will introduce highly inflammatory images of child pornography in its case-in-chief. The defense will stipulate to the nature of the images; thus, the fact that the images contain child pornography is undisputed and not what this case is about. However, the defense anticipates that the government will attempt to inflame the passions of the jury by introducing irrelevant and prejudicial testimony and evidence regarding the

details of the images. He respectfully moves to exclude all evidence- including video, photos, and oral testimony regarding any images of child pornography, as irrelevant to the facts at issue and unduly prejudicial.

Under Federal Rule of Evidence 401, the test for relevant evidence is whether it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Even if a court determines that evidence is relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Old Chief v. United States*, 519 U.S. 172, 180–92 (1997). As the Fourth Circuit explained, the rules of evidence "call[] for weighing the need for admission against the potential harms. When the harmful component of relevant evidence becomes unduly prejudicial, a court should exclude it from consideration by the jury." *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993). The Court has defined undue prejudice as "a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *Id.* (quoting *United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980)).

Even with respect to relevant evidence, then, there are limits to admissibility. Notably, the government cannot be given free rein to admit highly charged, harmful evidence when the probative value of that evidence is outweighed by prejudice to the defendant. *See Ham*, 998 F.2d at 1252 ("When the harmful component of relevant evidence becomes unduly prejudicial, a court should exclude it from consideration by the jury."). In this regard, the court "accept[s] without need of extensive argument that implications of child molestation, homosexuality, and abuse of women unfairly prejudice a defendant." *Id.*

4

Mr. Dixon is charged with various offenses related to transporting, possessing, producing, and receiving child pornography. Mr. Dixon does not deny, and has never denied, that the images in question contain child pornography. However, he denies that he had any role in creating, transporting, receiving, or possessing these images, or that he was otherwise responsible for these offenses. The danger in introducing the images is that the jurors will convict the defendant "based on the jurors' disdain" due solely to the horrific nature of the images, rather than by considering whether the government has proven the elements of the offenses beyond a reasonable doubt. *Id.*

Due to the highly inflammatory nature of the images, moreover, a curative instruction by the court would be insufficient to cure the prejudice to Mr. Dixon. *See id.* at 1254 ("[W]e do not believe the cumulative effect of the several items of prejudicial evidence could be cured with limiting or cautionary instructions."); *Virgin Islands v. Pinney*, 967 F.2d 912, 918 (3d Cir.1992) (holding that limiting instruction on testimony of child molestation would not reduce risk of jury considering such evidence for improper purpose); *United States v. Bland*, 908 F.2d 471, 473 (9th Cir. 1990) (holding that curative instruction could not obviate prejudice from evidence that defendant had outstanding warrant for molestation and torture and murder of a young girl).

The dangers of unfair prejudice to Mr. Dixon are especially potent in light of the severely stigmatizing charges he faces. Sex offenses against children are among the most stigmatized offenses in society, as evidenced by the collateral consequences that will follow a convicted sex offender for a lifetime—the proliferation of lifetime public sex offender registries, civil commitment provisions, the lengthy lists of special conditions of supervised release applicable to sex offenders, laws limiting where sex offenders may live, travel, or how and when they may exercise their First Amendment rights, and many others. That the worst convicted murderers and drug traffickers do not face such restrictions indicates the level of societal stigma placed on sex

5

offenses against children. As the Supreme Court has noted, "the stigma" of sex offender registration laws "results not from public display for ridicule and shaming but from the dissemination of accurate information about a criminal record, most of which is already public." *Smith v. Doe*, 538 U.S. 84, 98 (2003). In other words, when it comes to child sex offenses, no further shaming or societal banishment is necessary, because the basic facts are enough to accomplish this objective. In light of this stigma, this Court is obligated to ensure that Mr. Dixon is not convicted merely based on the horrific nature of the charges and the emotional impact of the child pornographic images on the jury. This can be done by excluding any evidence that is not relevant to the facts in dispute, including any videos, photographs, or medical records, or oral testimony detailing the child pornographic images.

For these reasons, Aaron Dixon respectfully moves to exclude evidence and testimony detailing the substance of any images of child pornography that are the subject of the charges at trial.

Respectfully submitted:

  s/ Anthony Martinez
Anthony Martinez
FL Bar #0763240
Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720 (phone)
(704) 374-0722 (fax)
Anthony_Martinez@fd.org


s/ Rahwa Gebre-Egziabher
Rahwa Gebre-Egziabher
N.C. Bar No. 41766
Federal Defender Public Defender for the
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
(704) 374-0722 Fax
Rahwa_Gebre-Egziabher@fd.org

*Attorneys for Aaron Banks Dixon*

DATE: February 27, 2019