UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:17-CR-55 |
| | ) | |
| vs. | ) | |
| | ) | |
| AARON BANKS DIXON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |


TRANSCRIPT OF PLEA AND RULE 11 HEARING
BEFORE THE HONORABLE DAVID S. CAYER
UNITED STATES MAGISTRATE JUDGE
APRIL 10, 2019


<u>APPEARANCES</u>:

On Behalf of the Government:

    CORTNEY S. RANDALL, ESQ.
    United States Attorney's Office
    227 West Trade Street, Suite 1700
    Charlotte, North Carolina

On Behalf of the Defendant:

    ANTHONY MARTINEZ, ESQ.
    RAHWA GEBRE-EGZIABHER, ESQ.
    Federal Public Defender's Office
    129 West Trade Street, Suite 300
    Charlotte, North Carolina


Digitally recorded proceedings transcribed by:

        Cheryl A. Nuccio, RMR-CRR
        Official Court Reporter
        United States District Court
        Charlotte, North Carolina

<u>P R O C E E D I N G S</u>

1
2          (Transcript of proceedings digitally recorded on
3    April 10, 2019.)
4          THE COURT:  Counsel ready to proceed?
5          MR. MARTINEZ:  Yes, Your Honor.
6          THE COURT:  Mr. Dixon, I'll be asking you some
7    questions about your plea.  The clerk will place you under
8    oath first.
9          (Defendant sworn.)
10          THE COURT:  Sir, do you understand that you're now
11   under oath and that you're required to give truthful answers
12   to the questions I'm about to ask?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Do you understand that if you give false
15   information under oath, you may be prosecuted for perjury or
16   false statements?
17          THE DEFENDANT:  Yes, Your Honor.
18          THE COURT:  After consulting with your attorneys, do
19   you want the Court to accept your guilty plea to one count in
20   this bill of indictment?
21          THE DEFENDANT:  Yes, Your Honor.
22          THE COURT:  Do you understand that you have the
23   right to have a United States district judge conduct this
24   proceeding?
25          THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Recognizing your right to proceed before

2     a district judge, do you expressly consent to proceed in this

3     court today, that is, before a United States magistrate judge?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Are you now under the influence of any

6     alcohol or drugs?

7          THE DEFENDANT:  No, Your Honor.

8          THE COURT:  Is your mind clear and do you understand

9     that you're here to enter a guilty plea in your case?

10         THE DEFENDANT:  Yes, Your Honor.

11         THE COURT:  Have you received a copy of the

12    indictment and have you discussed its contents with your

13    attorneys?

14         THE DEFENDANT:  I have.

15         THE COURT:  Would the government summarize the

16    charge and the penalty.

17         MS. RANDALL:  Yes, Your Honor.  The defendant is

18    entering a plea to Count Three in the superseding bill of

19    indictment.

20         It alleges that between on or about May 2012 through

21    on or about March of 2013, in Ashe County, the defendant did

22    employ, use, persuade, induce, entice, and coerce a minor,

23    specifically victim 1, to engage in sexually explicit conduct

24    for the purpose of transmitting any live visual depiction of

25    such conduct, knowing and having reason to know that such

1    visual depiction would be transmitted using any means and

2    facility of interstate and foreign commerce, and using

3    materials that have been mailed, shipped, and transported in

4    and affecting interstate and foreign commerce, and the visual

5    depiction was transmitted using any means and facility of

6    interstate and foreign commerce.

7            That is in violation of Title 18, United States

8    Code, Section 2251.

9            It carries a mandatory minimum of 15 years, a

10   maximum of 30 years, a $250,000 fine, or both, and up to

11   lifetime on supervised release.

12           THE COURT:  Do you fully understand the charge

13   against you, including the maximum and minimum penalties you

14   face if convicted?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  Do you understand that by pleading

17   guilty to a felony charge, you may be deprived of certain

18   civil rights such as the right to vote, hold public office,

19   serve on a jury, or possess a firearm?

20           THE DEFENDANT:  Yes, Your Honor.

21           THE COURT:  Have you spoken with your attorneys

22   about how the U.S. Sentencing Guidelines might apply to your

23   case?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  Do you understand that the district

judge will not be able to determine the applicable sentencing
guideline range until after your presentence report has been
prepared and you've had an opportunity to comment on it?

MR. MARTINEZ:  Your Honor, just to clarify, I
believe this is a binding plea.

THE COURT:  All right.  Well, that doesn't apply
then.

But there will still be a guideline determination,
won't there?

MR. MARTINEZ:  I don't know.  I'm not sure how --

MS. RANDALL:  Your Honor, my guess is they will
still determine the guidelines because the binding
recommendation is to a term of imprisonment.  So I guess they
will probably still do a calculation, but determine that the
binding recommendation will be the term.  And there's a
stipulation as to the guideline calculation in the plea
agreement.

THE COURT:  So if counsel wants me to just have that
as not applies, I'll just put it not applies.

MR. MARTINEZ:  Either way, Your Honor.  You know,
there's going to be a presentence investigation report.  We
will be interviewed by the probation office.  They will issue
a report.  They're going to make findings pursuant to the
guidelines.  And to be honest with the Court, my calculations
indicate that the guidelines exceed the statutory maximum

which is 30, which is why we have the 11(c)(1)(C) binding
agreement.

So there will be some language about the
calculations of the guidelines; however -- and I'm sure the
Court will impose the sentence pursuant to a finding of maybe
a level and criminal history category and sentence him to a
term of imprisonment of 360 months.  So either way, Your
Honor.

MS. RANDALL:  Yeah, can you read the question again.
Is it just about whether a presentence report is going to be
issued?

THE COURT:  Well, it says, "Do you understand that
the district judge will not be able to determine the
applicable guideline range until after your presentence report
has been prepared and you've had an opportunity to comment on
it?"

MS. RANDALL:  I think it's safe to go ahead and ask
since the judge will have to make a determination whether to
accept the plea.  He'll probably rely on the presentence
report to do so.

MR. MARTINEZ:  I think it's fine to include that
question, Your Honor.

THE COURT:  Sir, all that question is asking is --
and I understand your plea agreement is an agreement to a
specific sentence, but what that question is asking is just do

1  you understand the procedure; that the probation officer will

2  prepare a presentence report that will include a guideline

3  calculation and that you and your counsel will go over that

4  and you will have the opportunity to make objections to that

5  and have your attorney argue that before the district judge.

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  That's the procedure that I'm asking you

8  do you understand that.

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  Do you understand that the Court may

11  order restitution where applicable?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  Do you understand that parole has been

14  abolished and if you're sentenced to a term of imprisonment,

15  you will not be released on parole?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  If your sentence includes imprisonment,

18  do you understand that the district judge may also order a

19  term of supervised release?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Do you understand that if you violate

22  the terms and conditions of supervised release, which

23  typically last from one to five years, you could be returned

24  to prison for an additional period of time?

25          THE DEFENDANT:  Yes, Your Honor.

```
 1              THE COURT:  Do you understand that you have a right
 2    to plead not guilty, to have a speedy trial before a judge and
 3    jury, to summon witnesses to testify in your behalf, and to
 4    confront the witnesses against you?
 5              THE DEFENDANT:  Yes, Your Honor.
 6              THE COURT:  If you exercised your right to trial,
 7    you would be entitled to the assistance of a lawyer.  You
 8    would not be required to testify.  You would be presumed
 9    innocent and the burden would be on the government to prove
10    your guilt beyond a reasonable doubt.  Do you understand all
11    of these rights?
12              THE DEFENDANT:  Yes, Your Honor.
13              THE COURT:  By entering this plea of guilty, you're
14    waiving or giving up those rights and there will be no trial.
15    If your guilty plea is accepted, there will be one more
16    hearing where the district judge will determine what sentence
17    to impose.  Do you understand that?
18              THE DEFENDANT:  Yes, Your Honor.
19              THE COURT:  Are you, in fact, guilty of the one
20    count in this bill of indictment?
21              THE DEFENDANT:  Yes, Your Honor.
22              THE COURT:  Have the United States and the defendant
23    entered into a plea agreement pursuant to Rule 11(c)(1)(C)?
24              MS. RANDALL:  Yes, Your Honor.
25              THE COURT:  You may summarize that.
```

1          MS. RANDALL:  Thank you, Your Honor.

2          In summary, the defendant has agreed to enter a

3  voluntary plea of guilty to Count Three as set forth in the

4  superseding bill of indictment and admits to being, in fact,

5  guilty as charged in Count Three of the superseding bill of

6  indictment.

7          If the Court finds his plea to be voluntary and

8  knowingly made and accepts the plea, the United States will

9  move at the appropriate time to dismiss all the remaining

10  counts as to this defendant.

11          Defendant understands that each and every provision

12  in the plea agreement is a material term of the agreement.

13  Each of the following would constitute a breach of the plea

14  agreement:

15          His failure to fully comply with any provision of

16  the plea agreement;

17          His attempt to withdraw the guilty plea; or

18          A violation of any federal, state, or local law or

19  any order of any court, including any condition of pretrial or

20  presentence or post-sentence release.

21          With regard to the sentence, Your Honor, because

22  this plea is offered pursuant to Federal Rule of Criminal

23  Procedure 11(c)(1)(C), if the Court accepts the plea

24  agreement, the Court may not impose a greater or lesser

25  sentence than those agreed by the parties in this plea

1    agreement.  However, not all forms of punishment that have
2    been agreed to by the parties will be binding.

3           Defendant is aware that the statutory sentence for
4    Count Three is the same as previously gone over during this
5    hearing.

6           This plea agreement is made pursuant to Federal Rule
7    11(c)(1)(C) and binds the Court as to the terms set forth
8    below in paragraph 8 only.  The defendant understands that not
9    all the terms in this plea agreement are binding
10   recommendations that must be accepted by the Court.

11          The Court will not be bound by any provision of this
12   agreement unless the provision explicitly states that it is
13   binding.  Unless limited by a binding recommendation, the
14   Court may impose any punishment permitted by law.

15          The defendant and the United States, pursuant to
16   Rule 11(c)(1)(C), make the binding recommendation that the --
17   to the Court that the defendant be sentenced to a term of 360
18   months' imprisonment.

19          The parties agree that they will jointly recommend
20   that the following findings and conclusions as to the
21   sentencing guidelines are applicable:

22          That the sentence set forth in this agreement is the
23   appropriate disposition of the case;

24          That the recommendations set forth in this agreement
25   will bind the Court once the Court accepts the plea agreement.

1       With regard to the guidelines, the parties have
2    stipulated that the offense involves exploitation of two
3    minors.  Therefore, pursuant to 2G2.1(d)(1), Chapter Three,
4    Part D (multiple counts) shall be applied as if the
5    exploitation of each minor had been contained in a separate
6    count of conviction resulting in two groups.

7       The base offense level for each group is 32 pursuant
8    to Sentencing Guideline 2G2.1(a).

9       A 4-level enhancement pursuant to Sentencing
10   Guideline 2G2.1(b)(1)(A) is applicable to each group involving
11   child victim 1 and child victim 2 because the offense involved
12   a minor who had not attained the age of 12 years.

13      A 2-level enhancement pursuant to Sentencing
14   Guideline 2G2.1(b)(2)(A) is applicable to the group involving
15   child victim 2 since the offense involved the commission of a
16   sexual act or sexual contact.

17      A 4-level enhancement pursuant to Sentencing
18   Guideline 2G2.1(b)(2)(B) is applicable to the group involving
19   child victim 1 since the offense involved the commission of
20   sex act and conduct described in 18 U.S.C. 2241(b).

21      A 4-level enhancement pursuant to Sentencing
22   Guideline 2G2.1(b)(4) is applicable to the group involving
23   child victim 1 because the offense involved material that
24   portrayed sadistic or masochistic conduct or other depictions
25   of violence.

A 2-level enhancement pursuant to Sentencing Guideline 2G2.1(b)(6)(B)(i) is applicable to each group since the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct.

The total number of units pursuant to Sentencing Guideline 3D1.4 is 1-1/2; therefore, 1 level will be added to the highest adjusted offense level to determine the combined adjusted offense level.

A 5-level enhancement pursuant to Sentencing Guideline 4B1.5(b) is applicable since the defendant engaged in a pattern of activity involving prohibited sexual conduct.

The United States agrees that if the defendant is found by the Court to have accepted responsibility under 3E1.1(a), the United States will acknowledge that defendant's entry of his guilty plea is timely for the purpose of Sentencing Guideline 3E1.1(b) if that section applies to the defendant.

The Court may accept this agreement, reject it, or defer a decision until the Court has reviewed the presentence report. The parties agree that if the Court rejects the plea agreement or sentences the defendant to any period of imprisonment other than the term specified above, either party may vacate the plea. The Court will advise the defendant that

1   if the Court rejects the guilty plea and his plea of guilty is
2   not withdrawn, the disposition of the case may be less
3   favorable than that contemplated by this plea agreement.

4           The defendant has agreed to register as a sex
5   offender.  He acknowledges that he has been advised and
6   understands the Sex Offender Registration and Notification Act
7   and the rules regarding when and where he must register.

8           That does include (inaudible) to any financial
9   agreements or restitution.

10          Regarding procedure, the defendant has agreed that a
11  duly qualified federal magistrate judge may conduct the
12  hearing required by Rule 11.

13          He stipulates that there is a factual basis as
14  required by Rule 11 for his guilty plea.

15          He further stipulates he has read and understands
16  the factual basis filed with this plea agreement and that such
17  factual basis may be used by the Court, the probation office,
18  and the United States without objection by the defendant for
19  any purpose, including to determine the applicable advisory
20  guideline range or appropriate sentence under
21  18 U.S.C. 3553(a).

22          Section IV lays out a number of important waivers.
23  Among them, the defendant is aware that the law provides
24  certain limited rights to withdraw a plea of guilty, has
25  discussed these rights with defense counsel, and knowingly and

voluntarily waives any right to withdraw his plea once the
magistrate judge has accepted it.

The defendant has discussed with his counsel his
rights pursuant to 18 U.S.C. 3742, 28 U.S.C. 2255, and similar
authorities to contest the conviction and/or his sentence
through an appeal or post-conviction action after entering his
guilty plea; whether there are any potential issues relevant
to appeal or post-conviction action; and the possible impact
of any such issue on the desirability of entering into this
plea agreement.

In exchange for concessions made by the United
States in the plea agreement, the defendant waives his right
to contest his conviction and his sentence in any appeal or
post-conviction action. Claims of ineffective assistance of
counsel and prosecutorial misconduct, and those claims only,
are exempt from the waiver. This waiver precludes the
defendant from challenging his conviction or sentence on the
basis of any other claim, including but not limited to any
claim that the statute to which he's pleading guilty is
unconstitutional and any claim that the admitted conduct does
not fall within the scope of that statute.

In conclusion, Your Honor, there are no agreements,
representations or understandings between the parties in this
case other than those explicitly set forth in this plea
colloquy -- or as set forth in the plea agreement or as

noticed to the Court during the plea colloquy and contained in
writing in a separate document and signed by all parties.

The plea agreement was signed by myself and
Ms. Wasserman on behalf of the United States, Mr. Martinez,
Ms. Gebre-Egziabher, and the defendant.

THE COURT:  Do you understand those to be the terms
of your plea agreement and do you agree with those terms?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Has the right to appeal your conviction
and sentence been expressly waived in this plea agreement?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Has the right to challenge your
conviction and sentence in a post-conviction proceeding also
been waived in the plea agreement?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Is that your signature on the plea
agreement?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Are you aware that a factual basis has
been filed as an attachment to your plea agreement?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have you read this factual basis and do
you understand it and agree with it?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Has anyone threatened, intimidated, or

forced you to enter a guilty plea today?

        THE DEFENDANT:  No, Your Honor.

        THE COURT:  Other than the terms of your plea agreement, has anyone made you any promises of leniency or a light sentence to induce you to plead guilty?

        THE DEFENDANT:  No, Your Honor.

        THE COURT:  Have you had enough time to discuss with your attorneys any possible defenses you may have to this charge?

        THE DEFENDANT:  Yes, Your Honor.

        THE COURT:  Are you satisfied with the services of your attorneys in this case?

        THE DEFENDANT:  Yes, Your Honor.

        THE COURT:  Is there anything that you would like to say at this time about the services of your attorneys?

        THE DEFENDANT:  No, Your Honor.

        THE COURT:  Have you heard and understood all parts of this proceeding and do you still wish to plead guilty?

        THE DEFENDANT:  Yes, Your Honor.

        THE COURT:  Do you have any questions or statements that you would like to make at this time?

        THE DEFENDANT:  No, Your Honor.

        THE COURT:  Counsel, have you reviewed each of the terms of the plea agreement with him and are you satisfied that he understands those terms?

1          MR. MARTINEZ:  Yes, Your Honor.

2          THE COURT:  I'll submit the transcript for review

3    and signature by counsel and the defendant.

4          (Pause.)

5          THE COURT:  The Court finds the plea to be knowingly

6    and voluntarily made.  Finds a factual basis to support the

7    plea.  The plea is accepted.  The Court recommends the

8    district judge accept the plea and enter judgment thereon.

9    Defendant has 14 days to object.

10         Did counsel want him interviewed for the presentence

11   report?

12         MR. MARTINEZ:  I'm sorry, Your Honor?

13         THE COURT:  Do you want him interviewed for the

14   presentence report?

15         MR. MARTINEZ:  Yes, Your Honor.

16         THE COURT:  Anything further with him?

17         MS. RANDALL:  No, Your Honor.  Thank you.

18         MR. MARTINEZ:  No, Your Honor.  Thank you.

19         THE COURT:  Yes, sir.

20         (End of proceedings.)

21                              *****

22

23

24

25

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CERTIFICATE OF REPORTER


        I, Cheryl A. Nuccio, Federal Official Realtime Court Reporter, in and for the United States District Court for the Western District of North Carolina, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the digitally-recorded proceedings, transcribed to the best of my ability, held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.


        Dated this 31st day of December 2019.


                    s/Cheryl A. Nuccio
                    _____
                    Cheryl A. Nuccio, RMR-CRR
                    Official Court Reporter